Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
LAURA DIAZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA DIAZ, <br><br> Plaintiff, <br><br> vs. <br><br> ARA, INC., also known as ASSET RECOVERY ASSOCIATES and DOES 1 through 25 <br><br> Defendants. | Case No. **'14CV2018 WQHNLS** <br><br> **COMPLAINT FOR DAMAGES** <br><br> **[DEMAND FOR JURY TRIAL]** |

Plaintiff LAURA DIAZ alleges as follows:

## I.
## INTRODUCTION

1. Plaintiff LAURA DIAZ (hereinafter referred to as "Plaintiff"), brings this lawsuit against ARA, INC. also known as ASSET RECOVERY ASSOCIATES (hereinafter "ARA") and DOES 1 through 25 (sometimes collectively referred to as "Defendants"), for violations of the Federal Fair Debt

1
COMPLAINT FOR DAMAGES

Collection Practices Act ("FDCPA"), Rosenthal Fair Debt Collections Practice Act ("RFDCPA"), Telephone Consumer Protection Act ("TCPA"). Accordingly, Plaintiff seek civil penalties, statutory damages, attorneys' fees and costs, and any other relief the Court deems appropriate.

## II.
## PARTIES

2. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

3. Plaintiff is a consumer as defined by 15 U.S.C. section 1692a(3). Furthermore, Plaintiff is a debtor as that term is defined by California Civil Code section 1788.2(h). Plaintiff is also a person as defined by the TCPA.

4. Plaintiff is informed and believes, and thereupon alleges, that ARA is, and at all times mentioned herein was, a corporation who was conducting and engaging in business in the County of San Diego, California.

5. Plaintiff is informed and believes, and thereupon alleges, that ARA is a debt collector who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due.

6. All Defendants attempted to collect a consumer debt as defined under the FDCPA and RFDCPA. Defendants are also a person as defined by the TCPA.

7. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 25, and therefore sues those

2
COMPLAINT FOR DAMAGES

Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when such names and responsibilities are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's claims alleged in this complaint were proximately caused by such Defendants.

8. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## III.
## JURISDICTION AND VENUE

9. This Court has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of the FDCPA, RFDCPA, and TCPA. Because Defendants do business within the State of California, county of San Diego, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. section 1391.

## IV.
## RELEVANT FACTS

12. On or about April 9, 2014, Defendant, through a male employee, called Plaintiff on her cellular telephone, without her express consent, using an ATDS. The male employee did not state his name and did not identify himself as a debt collector. The employee falsely and deceptively stated that he was calling from a law office. Prior to this, Plaintiff had never received any written communications including a validation notice from Defendants.

13. During said conversation, Defendants demanded payment of an alleged debt and threatened Plaintiff that they would immediately file a lawsuit against her if she does not pay the full payment of the alleged debt. Defendants had all of Plaintiff's private information such as her social security number. Defendants also accused her of being in this country illegally and threaten to report her to immigration authorities if she does not pay the debt, despite the fact that Plaintiff resides in this country legally. Defendants also accused her of social security fraud and threatened to report her to authorities if she did not pay the debt, even though Plaintiff was never a social security beneficiary or recipient. Plaintiff was shaken up, nervous, and scared of Defendants' threats and accusations.

14. Shortly after the telephone conversation ended, Defendants contacted Plaintiff by email in an attempt to collect a debt. The email was sent out by custserv@arainc.us and failed to include that the communication is from a debt

collector attempting to collect a debt. The email included an attachment, which consisted of a letter indicated that Plaintiff owed $590.16 to Bank of America.

15. Plaintiff however has no clue why she owes money to Bank of America. In fact Plaintiff is informed and believes and thereon alleges that she does not owe any money to Bank of America. And if she did at one point, that debt was satisfied and is no longer owing. And if the debt is not found to be satisfied, the debt is past the statute of limitations.

16. Shortly after Plaintiff's conversation (on April 9, 2014) with Defendants ended, she frantically called her attorney informing him about the conversation she had with an agent and/or employee of ARA. Plaintiff was scared, nervous, and worried about Defendants' threats and accusations. Plaintiff's counsel had to calm her down.

17. On the same day (April 9, 2014), Plaintiff's counsel immediately sent a letter via facsimile and U.S. mail to ARA informing them that Plaintiff was represented by an attorney and that Plaintiff is disputing the alleged debt and is requesting a verification of the alleged debt. Defendants received this letter on the same day and a few minutes after it was faxed to them.

18. Despite the fact that Plaintiff was represented by counsel, ARA continued to contact Plaintiff on her cellular telephone using an automatic dialing

system in an attempt to collect a debt.  ARA also made several calls from a blocked number using an automatic dialing system without express consent.

19. Plaintiff alleges that as "Debt Collectors," Defendants are fully aware of California's debt collection laws, including the RFDCPA and FDCPA, and further knew each of their harassing communications were subject to Title 1.6C (RFDCPA) of the California Civil Code and 15 U.S.C. section 1692 (FDCPA).

20. Plaintiff alleges that Defendants knew each of their harassing communications were willful and knowing violations of Title 1.6C (RFDCPA) of the California Civil Code and 15 U.S.C. section 1692 (FDCPA).

21. Plaintiff alleges that Defendants' harassing communications are part of an overall unlawful business pattern and practice whereby they have knowingly, willfully, and intentionally enterprised a profitable scheme through illegal collection activities.

22. Defendants are rarely, if ever, sued over such harassing communications, since very few debtors are aware that their rights are being violated and/or very few attorneys are willing to take on such cases.  As such, Defendants are highly motivated to continue their harassing communications since any claims paid out as a result of such wrongful conduct are minuscule when compared to the overall profit generated from such illegal acts.

23. As a direct and proximate cause of Defendants' harassing communications, Plaintiffs have incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries.

24. Plaintiff incurred out of pocket monetary damages for attorneys' fees and costs for services provided to protect Plaintiff under the RFDCPA and FDCPA.

25. Plaintiff incurred additional incidental and actual damages including, but not limited to, emotional distress, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, damage to her credit, and other damages.

## V.
## FIRST CAUSE OF ACTION
**(Violation of the FDCPA Against ARA and DOES 1 through 25)**

26. Plaintiff re-alleges paragraphs 1 through 25, above, as if fully set forth herein.

27. ARA violated the FDCPA by violating 15 U.S.C. sections 1692c(a)(2), 1692d(1), 1692d(6), 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), 1692e(11), 1692f, and 1692g(a).

28. ARA violated section 1692c(a)(2) when ARA, through its agents and employees continued to contact Plaintiff on her cellular telephone in an attempt to collect a debt knowing that Plaintiff was represented by an attorney.

29. ARA violated section 1692d(1) when ARA, through its agents and employees (i) threatened to report Plaintiff to immigration authorities for being in this country illegally, despite the fact that Plaintiff resides in this country legally and (ii) accusing Plaintiff of Social Security fraud despite the fact that Plaintiff was not a social security beneficiary. All of these false criminal threats were made in an attempt to collect the alleged debt from Plaintiff.

30. ARA violated section 1692d(6) when ARA, through its agents and employees, failed to make a meaningful disclosure of their identity during the April 9, 2014 telephone call with Plaintiff.

31. ARA violated section 1692e(2)(A) when ARA, through its agents and employees, falsely represented the character, amount, and legal status of the alleged debt. Specifically, that Plaintiff was owing $590.16 when in fact, she did not owe such amount.

32. ARA violated section 1692e(3) when ARA, through its agents and employees, falsely and deceptively represented in the April 9, 2014 telephone call, that they are calling from a law firm. ARA is not a law firm.

33. ARA violated section 1692e(5) when ARA, through its agents and employees, threatened Plaintiff with legal action that was never filed and that could legally not have been filed.

34. ARA violated section 1692e(10) when ARA, through its agents and employees used false and deceptive means to collect a debt. Specifically, by making unlawful accusations and threats in an attempt to collect the alleged debt.

35. ARA violated section 1692e(11) when ARA, through its agents and employees contacted Plaintiff in writing via email without disclosing that the communication is from a debt collector.

36. ARA violated section 1692f when ARA, through its agents and employees used unfair and unconscionable means to collect the alleged debt. Specifically, by making unlawful accusation and threats in an attempt to collect the alleged debt.

37. ARA violated section 1692g(a) when ARA, through its agents and employees, failed to mail an official letter notifying Plaintiff of her rights with respect to the alleged debt owed within five (5) days of initial communications.

38. Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, transportation and gasoline costs to the

law firm, telephone call charges, copies, postage, and other out-of-pocket expenses, the exact amount of which is to be proven at trial.

39. The forgoing act(s) by Defendants were willful and knowing violations of 1692c(a)(2), 1692d(1), 1692d(6), 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), 1692e(11), 1692f, and 1692g(a) and each defendant is subject to a $1,000.00 penalty under 15 U.S.C. section 1692k(a)(2)(A).

40. Plaintiff has incurred reasonable and necessary costs and attorney's fees in the preparation and prosecution of this action and seek reimbursement of her attorney's fees and costs pursuant to 15 U.S.C. section 1692k(a)(3) and California Civil Code sections 1788.30(c).

## VI.
## SECOND CAUSE OF ACTION
**(Violation of the RFDCPA against ARA and DOES 1 through 25)**

41. Plaintiffs re-allege paragraphs 1 through 40, above, as if fully set forth herein.

42. California Civil Code section 1788.17 requires that ARA comply with the provisions of 15 U.S.C. sections 1692c(a)(2), 1692d(1), 1692d(6), 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), 1692e(11), 1692f, and 1692g(a).

43. The forgoing violations of 1692c(a)(2), 1692d(1), 1692d(6), 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), 1692e(11), 1692f, and 1692g(a) by ARA resulted in separate violations of California Civil Code section 1788.17.

44. ARA violated California Civil Code section 1788.10(f) when ARA, through its agents and employees (i) threatened to report Plaintiff to immigration authorities for being in this country illegally, despite the fact that Plaintiff resides in this country legally; (ii) accusing Plaintiff of Social Security fraud despite the fact that Plaintiff was not a social security beneficiary; and (iii) threatened Plaintiff with a lawsuit that was never filed and that could legally not have been filed.  All of these false accusations and threats were made in an attempt to collect the alleged debt from Plaintiff.

45. ARA violated California Civil Code section 1788.13(j) when ARA, through its agents and employees, threatened Plaintiff with a lawsuit that was never filed and that could legally not have been filed.

46. ARA violated California Civil Code section 1812.700(a) when ARA, through its agents and employees failed to provide a notice to the debtor that includes the description of the debtor's rights under 1812.700(a).

47. ARA violated California Civil Code section 1788.13(b) when ARA, through its agents and employees, falsely and deceptively represented in the April 9, 2014 telephone call that they are calling from a law firm.  ARA is not a law firm.

48. The forgoing act(s) by Defendants were willful, knowing, intentional, persistent, frequent, and devious violations of the RFDCPA are also sole and

separate violations under California Civil Code section 1788.30(b), and trigger additional $1,000.00 penalties for each violation against each defendant.

49.     Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and out-of-pocket expenses to be proven at trial.

50.     Plaintiff has incurred reasonable and necessary costs and attorney's fees in the preparation and prosecution of this action and seek reimbursement of their attorney's fees and costs pursuant California Civil Code sections 1788.30(c).

## VII.
## THIRD CAUSE OF ACTION
**(Violation of the TCPA against ARA and DOES 1 through 25)**

51.     Plaintiff re-alleges paragraphs 1 through 50, above, as if fully set forth herein.

52.     ARA is, and at all times mentioned herein was, a person as defined by the TCPA.  Plaintiff is also a person as defined by the TCPA.

53.     ARA violated 47 U.S.C. section 227(b)(1)(A)(iii) by calling Plaintiff on her cellular telephone, ending in 2144, several times in an attempt to collect a debt without having express consent to do so.  ARA improperly invaded the privacy rights of Plaintiff and violated 47 U.S.C. section 227(b)(1)(A)(iii) by

repeatedly making calls to Plaintiff's cellular telephone, ending in 2144, using an automatic telephone dialing system. Despite the fact that Plaintiff's counsel informed Defendant that Plaintiff was represented by an attorney, ARA continued to contact Plaintiff by calling her cellular telephone using an automatic telephone dialing system.

54. The calls ARA placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. section 227(a)(1) as prohibited by 47 U.S.C. section 227 (b)(1)(A).

55. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

56. The telephone number that ARA, or its agents and employees, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

57. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. section 227(b)(1)(A)(i).

58. Plaintiff has suffered actual damages and harm resulting from ARA's actions, as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses to be proven at trial.

59. The forgoing act(s) by ARA were either negligent and/or willful and knowing violations of 47 U.S.C. section 227(b)(1)(A)(iii).

60. As a result of ARA's violations of the TCPA, Plaintiff is entitled to statutory damages of $500.00 for each call, and up to three times the statutory damages for calls that were willful and knowing, pursuant to 47 U.S.C. section 227(b)(3).

## VIII.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For compensatory damages;

2. For statutory damages;

3. For interest according to law;

4. For attorneys' fees;

5. For costs of suit herein incurred; and

6. For other and further relief as the court may deem proper.

Respectfully Submitted,

    DATED: August 27, 2014    **MASHIRI LAW FIRM**

    By: /s/Alex Asil Mashiri
        Alex Asil Mashiri
        Attorney for Plaintiff,
        LAURA DIAZ

14
COMPLAINT FOR DAMAGES